O'SHIELDS v. POFF. †

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 3, 1912. Rehearing Denied March 2, 1912.)

1. BILLS AND NOTES (§ 468*) — COMMENCE-MENT—TIME OF ACCRUAL.

A petition filed November, 1910, alleging that defendant guaranteed payment of a series of 10 vendor's lien notes held by plaintiff, which were respectively due March 5, 1910, and in succeeding years in stated monthly installments and bearing annual interest payable as it accrued, that it was stipulated that a failure to pay any of the notes or any installments of interest due thereon should, at the election of the holder, mature all the notes, and that, though plaintiff had demanded the interest, defendant had not paid, does not show that the action was prematurely brought before the debt had matured, for the petition does not declare on a note maturing March 5, 1910, but contains allegations sufficient to indicate that such note was one of a series payable monthly thereafter, and that payment of the annual interest on all of the notes had been refused.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1462, 1463; Dec. Dig. § 468.*]

2. INTEREST (§ 43*)—CONSTRUCTION OF NOTE—"PAYABLE AS IT ACCRUES."

In an action on eight notes, due on or before the 5th day of March of eight successive years, said notes being due in monthly installments, and each note and installment thereof bearing interest at 8 per cent. per annum, "said interest payable as it accrues," the words "payable as it accrues," mean "annually"; that is 8 per cent. interest per annum.

[Ed. Note.—For other cases, see Interest, Cent. Dig. § 92; Dec. Dig. § 43.*]

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

Action by Earl W. Poff against C. M. O'Shields and another. From a judgment for plaintiff, defendant named appeals. Affirmed.

Massie & Poulter, for appellant. Ben S. Baldwin and Baskin, Dodge & Eastus, for appellee.

SPEER, J. Earl W. Poff instituted this suit in the district court of Tarrant county to recover on a series of vendor's lien notes executed by defendant H. A. Wright and assumed by defendant C. M. O'Shields in a subsequent purchase of the property by him from Wright. On the trial the court gave a peremptory instruction to find for the plaintiff, and the defendant O'Shields has appealed.

[1, 2] The contention of appellant is that the court erred in summarily instructing a

────────

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

verdict for the appellee because the petition upon which the verdict and judgment are based shows that the suit was prematurely brought, in that the debt sought to be recovered had not matured. The allegations of the petition describing the indebtedness are as follows: "On or about the 5th day of February, A. D. 1909, the defendant H. A. Wright made, executed, and delivered to plaintiff his certain ten vendor's lien notes for the sum of $3,000, the first nine of said notes being for the sum of $330 each and the last of said notes for the sum of $30, each bearing date on the day and year last aforesaid, due on or before the 5th day of March, A. D. 1909, March 5, 1911, March 5, 1912, March 5, 1913, March 5, 1914, March 5, 1915, March 5, 1916, and 1917, and monthly thereafter, said notes being due in monthly installments of $27.50 each, each of said notes aggregating the sum of $330, except the last of said notes, which is for the sum of $30, each of said notes payable to the order of plaintiff at Ft. Worth, Tex., and each note and installment thereof bearing interest at the rate of 8 per cent. per annum from date, said interest payable as it accrues, both the principal and interest in the installments as shown by said notes and conveyance of said property hereinafter described and said notes providing and stipulating and it being agreed and understood that 10 per cent. of the amount of principal and interest then due should be entered as attorney's fees," etc. "Plaintiff alleges and says that it was agreed and understood, and so provided and stipulated in said notes, that a failure to pay any or all of said notes, or any installment of interest thereon due when due, should, at the election of the holder of them, or any of said notes, mature all notes then given by the said defendant. Plaintiff alleges that the said defendants refused to pay this interest upon each installment note from the date of execution, and that he has often requested them to do so, and they refuse to pay same, and that he has been forced to declare all of said notes due," etc. The notes were attached to the petition as exhibits and were numbered consecutively, from 2 to 10, inclusive. The first note the petition admitted had been paid. Note 2, according to the exhibit attached to the petition, was for $330, and matured "on or before March 5, 1910, and monthly from March 5, 1910," and was payable "in the sum of $27.50 per month for 12 months from March 15, 1910." It provided for interest from date February 5, 1909, until paid at the rate of 8 per cent. per annum, the interest payable as it accrues. This suit was filed in the district court on November 1, 1910. The allegations of the petition, when construed in the light of the exhibits attached, show that the suit was not prematurely brought. The body of the petition does not declare on a note maturing March 5, 1910,

but it does contain allegations sufficient to indicate that such a note was one of the series and in the light of the exhibit, indorsed note No. 2, should be construed as a declaration on a note maturing March 5, 1910, "and monthly thereafter," the monthly payments of which amounted to $27.50. But aside from this the petition declares, and the notes show, that each of them bears interest from date at the rate of 8 per cent. per annum, same payable as it accrues, and the petition further declares that the defendants have failed and refused to pay such interest, and the plaintiff elects, as he is authorized to do, to declare the entire indebtedness due. We construe the language relative to the interest "as it accrues" to mean annually; that is, 8 per cent. interest per annum. "Payable as it accrues" means that the same is payable annually.

We find no error in the judgment, and it is affirmed.